STATE, ex rel. L. C. FISHER, v. W. C. KING, et al.

186 So. 802.

Division B.

Opinion Filed February 24, 1939.

*W. D. Bell,* for Plaintiff in Error;

*W. W. Whitehurst, Evans, Mershon* and *Sawyer,* and *Herbert S. Sawyer,* for Defendants in Error.

CHAPMAN, J.—On or about July 9, 1935, an alternative writ of mandamus was issued by the Circuit Court of Hardee County, Florida, directed to the members of the Board of County Commissioners thereof, commanding them to forthwith levy a tax sufficient in amount to raise funds and pay certain obligations of Hardee County, Florida, accurately described in the alternative writ and then held or owned by John G. Getz, Jr. The County Commissioners of Hardee County, as shown by the record, adopted estimates of anticipated receipts and expenditures for said county, but failed to levy any millage for bonded debt service because of pending mandamus suits. The said John G. Getz, Jr., was represented by L. C. Fisher. An answer was filed by the County Commissioners of Hardee County, and on final hearing the lower court held that the Board of County Commissioners had power to correct its minutes to accord with facts and in the absence of a showing of fraud, the court had no power to interfere with the action of the County Commissioners and a writ of mandamus was denied. From this final judgment writ of error was sued out, the record perfected and briefs filed in this Court, with requests for oral argument.

On the 2nd day of February, 1939, counsel for the defendant in error filed a motion to dismiss the writ of error. It was made to appear that the plaintiff in error does not own or hold any of the coupons involved in this litigation, and that each and every one of said coupons have been reduced to judgment in the case of New England Investment Company v. Hardee County, Florida, in the United States District Court for the Southern District of Florida, Case No. 3639, Tampa Division, except other coupons not now involved in the suit at bar and not covered by the judgment in the Federal Court *supra,* and as the relator in the lower court and plaintiff in error here does not at the

present time own or control said county obligations, it has been suggested that the suit at bar becomes moot and for this reason the same should be dismissed.

It having been made to appear by an affidavit dated February 1, 1939, that a copy of the motion to dismiss the writ of error in the case at bar had been sent to the Honorable W. D. Bell, attorney at law, Arcadia, Florida, and that ·counsel has full knowledge of the pending motion to dismiss and notice was served upon him and no objections having been received in opposition to the motion to dismiss, we therefore hold that the motion is well founded and should be granted. It is so ordered. See Mays v. White, 85 Fla. 150, 95 So. 299.

WHITFIELD, P. J., and BROWN, J., concur.

THOMAS, J., concurs in the opinion and judgment.

JUSTICES TERRELL and BUFORD, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.